# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| WILLIAM E. KNOCHE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09-4046-SSA-CV-C-WAK |
| ) | |
| MICHAEL J. ASTRUE, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Claimant William E. Knoche seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq*. He claims he became disabled beginning on June 12, 2006, because of depression, anxiety, arthritis, carpal tunnel syndrome, pain, trouble concentrating and long-term memory loss. The parties' briefs were fully submitted, and on August 31, 2009, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Claimant Knoche is in his mid-forties. He has a high school education and worked for twenty years as a laborer in an aluminum foundry. His job was physically demanding with long hours and lots of bending and lifting. He was on his feet a lot, had sharp pain in his legs and stopped working because of pain.

At the time of the hearing, he had pain in his elbows, knees, shoulders and back with normal activities. Nevertheless, he was able to drive, help with some of the household chores, take out the trash and watch television. He reported he didn't feel like doing anything and he was depressed.

The Administrative Law Judge (ALJ) found Knoch had arthritis which was severe within the meaning of the Social Security Act, but his mild depression was not severe. The ALJ discounted the residual functional capacity form completed by Dr. Patel, one of plaintiff's treating physicians, because it was not supported by the office records or objective evidence with regard to the degree of pain. He gave greater weight to the opinions of Dr. Hall, who performed plaintiff's surgery, and to Dr. Parmet, who was a consultant.

The records indicate plaintiff had carpal tunnel release surgery on his left wrist in 2005, and he was released to return to work. Objective testing on his right wrist did not support plaintiff's complaints of pain, and only conservative treatment was recommended.

Knoche met with a licensed social worker for mental health treatment, but the office notes were insufficient to support plaintiff's allegations of serious depression which would preclude work.

To better develop the record, plaintiff was referred for two consultative examinations. The orthopaedic examiner opined that Knoche could do light-to-medium exertional work and was capable of performing the basic mental demands of unskilled work.

Plaintiff was referred to, but not examined by the psychological consultant, who was requested to provide a mental status examination and I.Q. testing. Plaintiff's attorney advised him not to see the consultant and advised the Social Security Administration that claimant "would reconsider attending an examination with an alternate medical source." (Tr. 23.)

After considering all of the evidence, including the testimony of plaintiff and a vocational expert, the ALJ found plaintiff had the residual functional capacity to perform light work, with one-to-two step jobs in a low stress environment that did not include a lot of social interaction. Examples of such jobs were identified as cleaner, package inspector, and small product assembler.

3

In his request for judicial review, Knoche claims it was error for the ALJ not to arrange a different psychological consultation, and not to find his hand pain to be severe.

The regulations permit a claimant to object to examination by a medical source designated for a consultative examination, and if there is good reason for the objection, the Social Security Administration will schedule the examination with another medical source. 20 C.F.R. § 404.1519j. Claimant, through his attorney, notified the agency that he objected to the psychological consultant. The letter, however, did not advise the agency why he was objecting.

The court notes claimant's counsel had advised Disability Determination Services in Springfield, Missouri, that they would no longer permit their clients to be evaluated by Dr. Pulcher because of biased statements made by the doctor to another client. However, that letter specifically referenced the other client and there is no evidence it was made available to the individuals processing Knoche's case. If Knoche had explained the reason for his objection, then the regulation would have come into play. If the agency found the reason to be good, then an alternative examination would have been scheduled.

It is unfortunate the letter did not explain the reason for the objection, or even suggest that there might be a reason. It didn't, and the agency was not under an obligation to further inquire. Plaintiff had submitted his medical and mental health records, and those records did not document a mental health condition which impaired his daily functioning to a significant degree over a long period of time. Plaintiff had received prescription medications for depression and seen a counselor. He had quit work because of pain, not because of depression or mental conditions.

Given the evidence in the record, the court is persuaded that the ALJ did not err in finding claimant's hand pain to be not severe and in not scheduling a psychological consultation with another medical source. This court must sustain the agency's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); <u>Piercy v. Bowen</u>, 835 F.2d 190 (8th Cir. 1987). "Where there are inconsistencies in the evidence as a whole, the [Commissioner] may discount subjective complaints." <u>Stephens v. Shalala</u>, 46 F.3d 37, 39 (8th Cir. 1995). After careful consideration of the record, the court finds substantial evidence to

support the ALJ's decision to discount plaintiff's testimony regarding the severity of his pain and depression. The agency's decision is supported by substantial evidence on the record.

Accordingly, it is

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 15th day of September, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge